UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 14-05510-MWF (MANx) | Date:  July 28, 2014 |
| Title:  Joseph Ibrahim -v- Marriott International, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER TO SHOW CAUSE RE: AMOUNT IN CONTROVERSY [1]

     On April 10, 2014, Plaintiff Joseph Ibrahim filed a Complaint in Los Angeles County Superior Court initiating this action. (Docket No. 1, Ex. A). On June 6, 2014, Ibrahim filed a First Amended Complaint ("FAC"), which is the operative complaint. (Docket No. 1, Ex. B). On June 16, 2014, Defendant Marriott International, Inc. ("Marriott") removed this case to this Court. (Docket No. 1). Marriott asserts diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 13). However, the allegations in the Notice of Removal regarding the amount in controversy are insufficient to support removal.

     Marriott claims that based on Ibrahim's allegations in the FAC, the individual damages sought will amount to no less than $33,741. (Notice of Removal ¶ 30). Marriott further alleges that reasonable attorneys' fees are to be considered when establishing the amount in controversy, and that the preponderance of the evidence demonstrates that the attorneys' fees in this case will exceed $41,259, which is the difference between $75,000 and the estimated damages of $33,741. (Notice of Removal ¶¶ 31-37). Marriott has also offered evidence that two of the three firms representing Ibrahim incurred $572,792 in attorneys' fees in a similar class action employment case. (Notice of Removal ¶¶ 34-35).

     Marriott is correct that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

---

| CIVIL MINUTES—GENERAL | 1 |
|:---:|:---:|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-05510-MWF (MANx)**              **Date:  July 28, 2014**
**Title:**     Joseph Ibrahim -v- Marriott International, Inc., et al.

1156 (9th Cir. 1998).  Attorneys' fees are recoverable by the prevailing party in a case, such as this one, involving overtime compensation claims.  *See* Cal. Lab. Code § 1194(a).  Therefore, attorneys' fees may be included in the amount in controversy.

However, there is a split of authority regarding whether attorneys' fees must be measured at the time of removal or whether possible future attorneys' fees may form part of the amount in controversy.  Marriott relies on cases that have held that future attorneys' fees can be considered as part of the amount in controversy.  *See, e.g.*, *Brady v. Mercedes-Benz USA, Inc.*, 234 F. Supp. 2d 1004 (N.D. Cal. 2002) (following a Tenth Circuit decision that included in the amount in controversy a reasonable estimate of fees likely to be recovered).  But there are also cases holding that "[w]hen estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."  *Faulkner v. Astro-Med, Inc.*, Case No. CV-99-2562-SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999).  Moreover, there is no clear agreement among the courts in this Circuit on which position to take.  *Compare Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD , 2008 WL 3863489, at *4 (E.D. Cal. Aug. 19, 2008) ("[T]he preponderance of courts in this Circuit have agreed with the *Brady* approach.") *with Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) (collecting cases and concluding that "a nascent consensus may be emerging among the district courts of the Ninth Circuit" that only attorneys' fees incurred until removal form a part of the amount in controversy).

The Court agrees with the cases finding that attorneys' fees beyond removal are too speculative.  Here, there is no evidence of the attorneys' fees earned at the time of removal, and thus, the Court cannot conclude whether the attorneys' fees would satisfy the amount-in-controversy requirement.

Accordingly, the Court **ORDERS** Marriott to **SHOW CAUSE**, **in writing**, no later than **August 11, 2014**, why this matter should not be remanded for lack of subject matter jurisdiction.  Failure to respond by the above date will result in remand.

IT IS SO ORDERED.